UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61399

PAMELA TITUS,

    Plaintiff,

v.

ATLAS ACQUISITIONS LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff Pamela Titus ("Plaintiff") sues Defendant Atlas Property Investments, LLC ("Defendant") for violations of 15 U.S.C §1692 et seq., the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 et seq., the Florida Consumer Collection Practices Act ("FCCPA").

**<u>JURISDICTION AND VENUE</u>**

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3.    Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

**<u>PARTIES</u>**

4.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. Defendant is a Delaware Limited Liability Company, with its principal place of business located in Lewes, Delaware.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9. This action involves the debt arising from a transaction between Belden Jewelers Inc., (the "Original Creditor"), and Plaintiff involving an unsecured line of credit, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt"). Plaintiff is the alleged debtor of the Consumer Debt.

10. Defendant is a debt collector governed by both the FDCPA and FCCPA.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. At all times material, Defendant was acting as a debt collector in respect to the collection of the Consumer Debt.

15. Defendant is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

16. The Consumer Debt is a debt which Defendant must possess a valid Consumer Collection Agency license to lawfully collect or attempt to collect from Plaintiff.

17. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18. For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

19. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

20. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

21. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

22. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

23. On a date better known by Defendant, the Original Creditor of the Consumer Debt, Belden Jewelers Inc., sold all rights, title, and interest in the Consumer Debt to DNF Associates LLC.

24. Prior to the sale of the Consumer Debt to DNF Associates LLC, Plaintiff defaulted on the Consumer Debt.

25. On or about February 11, 2019, DNF Associates LLC, sold all rights, title, and interest in the Consumer Debt to Defendant.

26. The Consumer Debt is comprised of principal, interest, and fees, whereby the total amount of the Consumer Debt, pursuant to the agreement underlying the Consumer Debt, is subject to increase based on the principal portion of the Consumer Debt and the interest and fees which said principal is subject thereto.

27. On October 8, 2019, due to Plaintiff's overall financial situation, Plaintiff filed a Chapter 13 bankruptcy petition.

28. Upon learning of the filing of Plaintiff's Chapter 13 bankruptcy petition, Defendant filed a proof of claim in Plaintiff's bankruptcy case, alleging Plaintiff owed Defendant $3,093.89 *in principal only* (the "POC") with respect to the Consumer Debt.

29. The POC is a representation, means, and otherwise communication in connection with the collection of the Consumer Debt.

30. The POC was signed under penalty of perjury by Defendant's employee, Avi Schild, who, when signing the proof of claim, was acting within the course and scope of his or her employment with Defendant.

31. By signing the POC under penalty of perjury and on behalf of Defendant, Avi Schild falsely represented the principal portion of the Consumer Debt as being $3,093.89. Further, by signing the POC under penalty of perjury and on behalf of Defendant, Avi Schild falsely represented the total amount of the Consumer Debt as being *only* principal and containing no interest or fees.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e & § 1692e(2)(A)**

32. Plaintiff incorporates by reference paragraphs 1-31 of this Complaint as though fully stated herein.

33. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. 1692e(2)(A). (emphasis added).

34. Defendant violated 15 U.S.C. § 1692e(2)(A) by and through the POC, *in that*, Defendant falsely represented both the *character* and *amount* of the Consumer Debt to Plaintiff. Defendant's false characterization of the Consumer Debt constitutes an injurious withhold of information that the FDCPA required Defendant to disclose to Plaintiff, as well as an invasion of Plaintiff's right to such information.

35. Here, the POC falsely characterizes accrued interest charges and fees as principal. In so doing, Defendant causes the least sophisticated consumer to believe, for example, that Consumer Debt was *only* principal[1] and, as such, not otherwise subject to increase by way of interest and fees. Not only is such a portrayal of the Consumer Debt false, but it was a portrayal

---

[1] The Oxford English Dictionary defines principal when used in the sense "[o]f money" as "[c]onstituting the primary or original sum; that is the main or capital sum invested or lent, and yielding interest or income; capital, capitalized." Oxford English Dictionary, Second Edition, 1989. Further, the applicable definition of "principal" from Webster's Third New International Dictionary (Philip Babcock Gove Edition, 1986) is "a capital sum placed at interest, due as a debt, or used as a fund." Id. at 1802.

which Defendant *knew* to be false assuming Defendant maintains the documents and information Defendant is required to maintain to retain a valid consumer collection license in Florida.

36. Further, with respect to the *amount* of the Consumer Debt, Defendant falsely represents the principal portion of the Consumer Debt as being $3,093.89. In so doing, Defendant causes the least sophisticated consumer to believe, for example, that he or she owes an amount *greater* than the $3,093.89, because the POC falsely identifies $3,093.89 as *only* being principal and the total amount owed is principal *plus* interest and fees.

37. Thus, by and through the POC, Defendant violated § 1692e(2)(A) of the FDCPA.

38. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a) Statutory damages as provided by 15 U.S.C. §1692k;

    (b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

    (c) Any other relief that this Court deems appropriate under the circumstances.

## *COUNT II.*
## **VIOLATION OF FLA. STAT. § 559.72(9)**

39. Plaintiff incorporates by reference paragraphs 1-31 of this Complaint as though fully stated herein.

40. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

41. Here, Defendant *knew* that the Consumer Debt was not entirely comprised of principal and otherwise subject to interest and fees. Despite knowing this, Defendant falsely represented the Consumer Debt as being *entirely* principal by and through the POC and otherwise

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

asserted that Defendant was entitled to collect said erroneous portrayal of the Consumer Debt from Plaintiff. In so doing, Defendant violated § 559.72(9) of the FCCPA.

42. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant and Defendant-Creditor, awarding Plaintiff the following relief:

(a) Statutory as provided under Fla. Stat. §559.77(2);

(b) An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d) Any other relief that this Court deems appropriate under the circumstances.

DATED: July 10, 2020

Respectfully Submitted,

/s/ Jibrael S. Hindi            .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540